## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

STATE OF FLORIDA,

      Plaintiff,

v.                         Case No.  5:25-cv-285-AW-MJF

HENRY EUGENE ARMSTRONG, JR.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Henry Eugene Armstrong attempts to remove to the District Court a Florida criminal prosecution. Doc. 1. For the multiple reasons set forth below, the District Court should remand Armstrong's case to the Florida court from which Armstrong attempts to remove it.

### BACKGROUND

In Jackson County Circuit Court Case No. 2025CF00396, the State of Florida charged Armstrong with: (1) resisting or obstructing without violence; (2) violation of injunction for protection; (3) aggravated assault with deadly weapon; and (4) criminal mischief. *See generally* Doc. 1.

Armstrong attempts to remove this criminal prosecution pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1443(1). Doc. 1 at 1; Doc. 1-1 at 1. Armstrong asserts that removal is appropriate because his rights under the First, Fifth, and Fourteenth Amendments have been violated. Doc. 1 at 1.

## DISCUSSION

### A.  Armstrong Cannot Remove His Case Under 28 U.S.C. § 1331

Armstrong first asserts that he removed his case pursuant 28 U.S.C. § 1331.

Section 1331 provides: "The district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Under this provision, "jurisdiction may be based on a *civil action* alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (emphasis added).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). Federal-question jurisdiction cannot be based merely on a defense that a defendant seeks to assert. *Caterpillar*, 482 U.S. at 393 ("a case may *not* be removed to federal court on the basis of a federal defense"); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Section 1331 authorizes federal courts to adjudicate "civil actions," not criminal prosecutions, and certainly not *state* criminal prosecutions. *Pennsylvania v. Haring*, 2022 WL 17076037, at *1 (3d Cir. Nov. 18, 2022); *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017); *Michigan v. Martin*, 1990 WL 8089, at *2 (6th Cir. Feb. 5, 1990). Thus, Armstrong has not— and cannot—demonstrate that the District Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and that his case is removable under that provision. *See generally Texas v. Tello*, 231 F. App'x 310, 311 (5th Cir. 2017). Thus, Armstrong cannot remove his federal prosecution pursuant to 28 U.S.C. § 1331.

**B.** <u>**Armstrong Cannot Remove His Case Under 28 U.S.C. § 1343**</u>

Armstrong also cites to 28 U.S.C. § 1343 as authorization for the removal of his criminal prosecution. Section 1343 confers original jurisdiction over *civil actions* pursuant to 42 U.S.C. §§ 1983 and 1985. In other words, it is a "a more specific subset of the [ ] federal question jurisdiction set out in [§] 1331." *Rsrv. at Stonecreek LLC v. Cunningham*, No. 1:24-CV-04415-ELR-JEM, 2024 WL 4953437, at *3 (N.D. Ga. Oct. 3, 2024) (collecting cases), *report and recommendation adopted*, No. 1:24-CV-04415-ELR, 2024 WL 4953436 (N.D. Ga. Oct. 22, 2024), *appeal dismissed*, No. 24-13714-J, 2024 WL 5389427 (11th Cir. Dec. 27, 2024). Thus, the "preclusion of jurisdiction under 28 U.S.C. § 1331 necessarily precludes jurisdiction under 28 U.S.C. § 1343[.]" *Id.* (citing *N.W. Healthcare, LP v. Sullivan*, 793 F. Supp. 724, 727 (W.D. Tex. 1992); *Florida Martin Cnty. V.Malvezzi*, 2023 WL 9106240, at *2 (S.D. Fla. Dec. 12, 2023). Therefore, Armstrong has not demonstrated that removal is permissible pursuant to 28 U.S.C. § 1343.

**C.** <u>**Armstrong Cannot Remove His Case Under 28 U.S.C. § 1441**</u>

Armstrong also asserts that he removed his case pursuant to 28 U.S.C. § 1441.

Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

By its very terms, § 1441(a) applies only to "any civil action." Thus, this provision provides no authority for Armstrong to remove his Florida criminal prosecution. *Alabama v. Thomason*, 687 F. App'x 874, 877 n.5 (11th Cir. 2017); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *State of Ala. v. Kemp*, 952 F. Supp. 722, 723 (N.D. Ala. 1997).

## D.  Armstrong Cannot Remove His Case Under 28 U.S.C. § 1443

Armstrong also asserts that he removed his case pursuant to 28 U.S.C. § 1443.

Under 28 U.S.C. § 1443(1), a defendant may remove a state criminal prosecution to federal court when the defendant "is denied or cannot enforce in [the state courts] a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). "A

valid section 1443(1) removal notice must satisfy a two-part test." *Georgia v. Daker*, 853 F. App'x 514, 516 (11th Cir. 2021) (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.*

### 1.    *Armstrong Fails to Satisfy Rachel's First Prong*

Armstrong fails to satisfy *Rachel*'s first prong, which requires Armstrong to show that the right upon which he relies provided for specific civil rights stated in terms of racial equality.

"The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). Here, Armstrong's asserted rights under the First, Fifth, and Fourteenth Amendments—to petition the court and due process—implicate broad constitutional guarantees of general application to all persons or citizens,

Page 6 of 9

rather than "rights implicating racial equality." *See Rachel*, 384 U.S. at 792); *Conley*, 245 F.3d at 1295–96. In other words, the rights Armstrong mentions apply regardless of the individual's race. Therefore, Armstrong fails to satisfy the first prong. For this reason alone, § 1443 does not authorize Armstrong to remove his criminal case.

### 2.    *Armstrong Also Fails to Establish Rachel's Second Prong*

Armstrong also fails to establish *Rachel*'s second prong. This requires Armstrong to show that "he has been denied" an equal civil right under federal law "or cannot enforce that right in the state courts." Se*e Conley*, 245 F.3d at 1295. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id*. at 1296 (quoting *Rachel*, 384 U.S. at 803). Armstrong's notice of removal does not mention any state law that prohibits him from asserting his constitutional rights in Florida courts. A criminal defendant cannot remove a case pursuant to § 1443(1) based on a mere allegation of that he is "unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827.

Additionally, "section 1443(1) removal is improper where 'any denial of federal rights that might come to pass as the proceedings progressed could be redressed by direct review of the federal claims by the state

Page 7 of 9

appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings, denial of equal protection, and rights protected under [42 U.S.C. section 1983].'" *Daker*, 853 F. App'x at 518 (quoting *Conley*, 245 F.3d at 1298). It is impossible to know at this stage whether the state trial courts will find Armstrong guilty. If the Florida courts find Armstrong guilty, he would be entitled to direct review of his conviction by the state appellate courts and, eventually, the United States Supreme Court. *See id.*; *Conley*, 245 F.3d at 1298. Because Armstrong has multiple avenues to seek relief, he has not shown that the state courts "cannot enforce" his federal rights. *See Conley*, 245 F.3d at 1295, 1298. For this reason, too, Armstrong has not demonstrated that § 1443 authorizes him to remove his criminal case to federal court.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.      **REMAND** Armstrong's criminal cases, Jackson County Circuit Court Case No. 2025-CF-00396, to the Jackson County Circuit Court.

2.    **DIRECT** the clerk of court to take all steps necessary to remand the case noted above and close this case file.

At Pensacola, Florida, this <u>21st</u> day of October, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**